IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Antonio Marin, ) | |
| ) | Civil Action No. 8:07-0165-JFA-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Donald F. Bauknecht, ) | |
| Warden FCI-Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a federal prisoner, seeks habeas relief pursuant to Title 28, United States Code, Section 2241. This matter is before the Court on the respondent's motion to dismiss, or alternatively, for summary judgment. (Docket # 13).[1]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on January 18, 2007. On April 12, 2007, the respondent filed a motion for summary judgment. By order filed April 13, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On May 3, 2007, the petitioner filed a response to

---

[1] Because the parties submitted, and the court considered, matters outside of the complaint, the respondent's motion has been treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....").

the respondent's motion.

## FACTS

On November 11, 2001, the petitioner was sentenced to 92 months imprisonment and three years supervised release by the United States District Court for the Southern District of Texas, for possession with intent to distribute cocaine. When the petitioner filed this habeas action, he was incarcerated at the Federal Correctional Institution (FCI) in Williamsburg.[2]

On December 19, 2005, while the petitioner was incarcerated at FCI-Miami, a staff member found a cell phone. The phone was shipped to the FBI and it was determined that a telephone number found on the cell phone's database was also a number on only one inmate's, the petitioner's, approved telephone list.

On April 25, 2006, the petitioner was charged with circumventing telephone monitoring procedures, a violation of Code 297. The petitioner received notice that a discipline hearing would be held before the Disciplinary Hearing Officer ("DHO") and a list of an Inmate Rights at Discipline Hearings. On May 2, 2006, the petitioner was informed by the DHO that he was being charged with the possession of a hazardous tool, a cellular telephone, which is a violation of Code 108 instead of Code 297.[3]

---

[2] Recently the petitioner filed a change of address notice. (Docket Entry #16.) It appears the petitioner has been released to a halfway house in Florida. (See www.BOP.com/inmatesearch.)

[3] The various levels of BOP offenses are listed in 28 C.F.R. § 541.13, Table 3. The most 4 serious offenses ("Greatest Category") are listed in Code Nos. 100-199; the next level of offenses ("High Category") are listed in Code Nos. 200-299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and

On May 16, 2006, a discipline hearing was held before the DHO. During this hearing, the petitioner was represented by a staff representative and he was allowed to make a statement, present evidence, and have witnesses appear. On May 19, 2006, the DHO found that the petitioner was guilty of violating Code 108 and imposed the following sanction: loss of forty days of good conduct time, loss of visiting for one year, loss of telephone privileges for 180 days, and a disciplinary transfer.

The petitioner appealed the DHO's finding to the Southeast Regional Director who upheld the DHO's finding. The petitioner then appealed the DHO's finding to the National Inmate Appeals Administrator. (Resp't's Mem. Supp. Summ. J. Mot Ex. 11.) On September 26, 2006, the National Inmate Appeals Administrator found the disciplinary procedures were substantially followed and the petitioner's disciplinary conviction was affirmed. The petitioner then filed this habeas action. He seeks an order requiring the BOP to expunge the Code 108 violation and transfer him back to FCI-Miami.

## APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

---

lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**DISCUSSION**

The petitioner has filed this habeas petition alleging his due process rights and BOP policies were violated. The petitioner also contends he was never in possession of a hazardous tool. (Pet. at 3.) Further, the petitioner contends that a Code108 violation, which prohibits an inmate from possession of a hazardous tool, is not similar to a Code 297 violation, which prohibits the usage of a telephone, and thus the DHO improperly amended the charge. (*Id*. at 5.)

The petitioner contends that while the evidence points to his possible use of a cell phone, he was never in possession of a hazardous tool and thus could not have violated Code 108. (*Id.* at 3.) The petitioner cites *Wallace v. Nash*, 311 F.3d 140 (2nd Cir. 2002), for the proposition that "possession" and "use" are not synonymous. (*Id*.) *Nash*, however, is distinguishable from the instant case.

In *Nash*, the court dealt with the interpretation of 28 C.F.R. 541.13 as applied to a prison disciplinary proceeding. The court found it improper for a federal prisoner to be convicted in a disciplinary proceeding for possession of a weapon under § 541.13, based on the prisoner's striking another inmate with a pool cue. *Id*. at 146.

The regulation at issue in *Wallace* prohibited the "[p]ossession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive or any ammunition." *Id.* at 144 (quoting § 541.13.) The court held that the possession prohibition did not apply to petitioner who had used a pool cue in an assault, because the regulation did not apply to "an otherwise innocuous object [that was used] to

5

injure another." *Id*. at 145-46.  The court stated that it was not persuaded that the term "possession" was intended to encompass "use."  The court held that the two words were not synonymous "where the prohibition is against a manner of using an object that may lawfully be possessed, the Code expressly prohibits such use."  *Id*.  A pool cue could be lawfully possessed.  Here, however, unlike the pool cue, both the usage and possession of cell phones are prohibited.  Further, while an inmate could possess a cell phone and never use it; an inmate could not use a cell phone without possessing it.  Thus, the holding in *Nash* is inapplicable to the petitioner's situation.

The petitioner also contends the DHO violated BOP policy when she changed the code violation.  (Pet. at 4.)   First, the court notes that the DHO amended the incident report prior to the hearing and the petitioner was provided a copy of the amended report well in advance.  Furthermore, even at a later point in the disciplinary process, 28 C.F.R. § 541.17(f) authorizes the DHO to find an inmate has committed the prohibited act charged and/or a similar prohibited act if reflected in the incident report. *See Yates v. Young*, 772 F.2d 909, 1985 WL 13614, ----1 (6th Cir. 1985) (Unpublished) ("Although the stated charge was possession of a sharpened instrument, plaintiff was notified that the charge was based on the discovery of this weapon in his cell.")  The acts reflected in the incident report clearly support a violation of Code 108.  Accordingly, the DHO did not err in amending the charge to a violation of Code 108.

The petitioner also contends that the incident report listed an incorrect phone number, a number which was never on the petitioner's phone list.  (Pet. at 4.)  This is true.

However, this was merely a typographical error which was discovered on appeal, (see Res'p't's Mem. Supp. Summ. J. Mot. Ex. 12), and the DHO issued an amended report with the correct phone number on September 28, 2006. (*Id.* Ex. 13.)[4] In any event, the petitioner does not contend that this amendment to correct a typographical error caused him any prejudice. *See Brown v. Braxton*, 373 F.3d 501 (4th Cir. 2004)(holding even if hearing officer erred in not calling a witness, petitioner has not demonstrated that he was harmed). *See also Powell v. Coughlin,* 953 F.2d 744, 750 (2d. Cir. 1991) (applying harmless error to prison disciplinary proceedings). Accordingly, this issue is without merit.

The analysis of the petitioner's remaining claims of due process violations begins with *Wolff v. McDonnell*, 418 U.S. 539 (1974), which is the seminal case concerning the due process rights of federal prisoners during disciplinary proceedings. In *Wolff*, the Supreme Court held that a prisoner's accumulation of good time credits, which can affect the length of his incarceration, may give rise to a constitutionally protected liberty interest. *Id.* The Court held that, even so, this does not entitle prisoners to the full panoply of rights afforded a defendant in a criminal prosecution when these credits are forfeited pursuant to a prison disciplinary proceeding. *Id.* at 556-57.

The Supreme Court then enumerated the following five procedural safeguards which are required in a prison disciplinary proceeding: (1) the right to appear before an impartial

---

[4] The Administrator ordered that the DHO file an amended report because in the original report the DHO incorrectly listed the phone number called from the cell phone with one incorrect digit. It is undisputed that the amended report accurately reflects the correct telephone number called from the cell phone.

7

decision-making body; (2) written notice of the charges 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative if charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact-finder as to the evidence relied upon and the rationale behind the disciplinary tribunal's conclusion. *Wolff*, 418 U.S. at 563-66.[5]   In addition, the Supreme Court has held that a finding of "some evidence" in the record to support the decision of a prison disciplinary board is necessary to satisfy the requirements of due process. *Superintendent Mass. Corr'l Inst. v. Hill*, 472 U.S. 445, 455 (1985). The determination of whether the standard is satisfied merely requires inquiry into "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. Further, it must be remembered, however, that "[a]scertaining whether [the] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing the evidence." *Id.* at 455-56.

Here, the record before the court establishes that the petitioner's due process rights were not violated.  He was given a copy of the amended incident report and notice of the

---

[5] The due process requirements of *Wolff*, as they relate to federal prisoners, have been codified in the Code of Federal Regulations at 28 C.F.R. § 541.10 et seq. *See, e.g.*, 28 C.F.R. § 541.14 (Incident report and investigation); 28 C.F.R. § 541.16 (Establishment and functioning of the DHO); 28 C.F.R. § 541.17 (Procedures before the DHO).

hearing before the DHO approximately two weeks before it was held. The petitioner was allowed to present evidence and witnesses and he was represented by a staff representative. The petitioner also made a statement at the hearing. Based on the record, the court concludes that the petitioner was afforded the full requirements of due process in his disciplinary hearing.

As for whether there was any evidence to support the DHO's determination that the petitioner had violated Code 108, this court does not have the authority to weigh evidence or to judge the strength of any particular defense the petitioner may present. Instead, the court is asked only to determine if the DHO had some evidence upon which to base his finding that the petitioner possessed the cell phone. This inquiry is answered in the affirmative as one number called from the cell phone is listed only in the petitioner's approved phone list. Further, the petitioner even acknowledges there is some evidence, albeit admittedly circumstantial, of his use of the cell phone. (Pet. at 3; 5.) Clearly, the petitioner possessed the cell phone at least while he used it. Thus, respondent should be granted summary judgment and the instant petition should be denied.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is RECOMMENDED that the Respondent's Motion for Summary Judgment be GRANTED and the Petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                      s/Bruce Howe Hendricks
                                      United States Magistrate Judge

October 1, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**
**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).