IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Antonio Marin, | ) | C/A No. 8:07-0165-JFA-BHH |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Donald F. Bauknecht, Warden, | ) | |
| FCI-Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Antonio Marin, initiated this action pursuant to 28 U.S.C. § 2241. He challenges the outcome of a disciplinary hearing that deprived him of 40 days of good time credit and resulted in a disciplinary transfer. Specifically, the petitioner was charged with being in possession of a cellular phone and violating a Bureau of Prison Code. Since the filing of this action, the petitioner has been released from the Federal Correctional Institution and is living in a halfway house in Florida.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the petitioner's due process rights were not

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

violated and he was accorded the full requirements of due process in his disciplinary hearing. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation. He did not file objections[2] to the Report.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and the Report is incorporated herein by reference.

Accordingly, the respondent's motion for summary judgment is granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

November 8, 2007                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                             United States District Judge

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

2